IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| OGLE SCHOOL MANAGEMENT, LLC *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,<br><br>*Defendants*. | No. 4:24-cv-00259-O |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of June 20, 2024 [ECF 31], counsel for the parties in the above-captioned case, *Ogle School Management, LLC* ("*Ogle School*") *v. U.S. Department of Education*, No. 4:24-cv-00259 (N.D. Tex.) (O'Connor, J.), have conferred regarding whether consolidation of this case with *American Association of Cosmetology Schools* ("*AACS*") *v. U.S. Department of Education, et al.*, No. 4:23-cv-1267 (N.D. Tex.) (O'Connor, J.), is appropriate. Counsel for the parties in this case have also conferred with counsel for the plaintiffs in *AACS*. The parties set forth their positions below:

Defendants note as an initial matter that plaintiffs in *Ogle School*—Ogle School Management, LLC and Tricoci University of Beauty Culture, LLC—are AACS members and therefore already stand to benefit from any favorable relief obtained in the *AACS* case. Principles of comity and fairness, as well as the need to avoid inconsistent judgments, thus favor not allowing both cases to proceed in a manner that allows the *Ogle School* plaintiffs two bites at the apple, or that risks inconsistent judgments. *Cf. Chamber of Commerce v. FTC*, No. 6:24-CV-00148, 2024

WL 1954139, at *4 (E.D. Tex. May 3, 2024). In such situations, courts have broad discretion to dismiss the second-filed case (here, *Ogle School*), potentially allowing the plaintiffs in that case to seek intervention in the first-filed case pursuant to Fed. R. Civ. P. 24; stay the second-filed case; or consolidate it with the first. *See id.*[1] Barring dismissal, because both cases here were filed in the same District, the Court indisputably has authority to consolidate the two cases. Although the Court has already denied a Motion for Preliminary Injunction in *Ogle School*, neither case has yet proceeded to summary judgment briefing. Defendants defer to the Court's discretion regarding whether dismissal of *Ogle School* or consolidation of the two cases is more appropriate.

As the first-filed party, AACS takes no position with respect to whether *Ogle School* should be stayed, dismissed, or should remain as an active, independent case.

The *Ogle School* plaintiffs object to defendants' belated effort to seek dismissal of their case via a joint status report and note that, in all events, the "first-to-file" rule—the doctrine applied in the *Chamber of Commerce* case—has no relevance whatsoever here. The first-to-file rule applies only where "there exist two separately filed lawsuits pending in *different courts*." *Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C.*, 48 F.4th 603, 606 (5th Cir. 2022) (emphasis added). To state the obvious, the *Ogle School* lawsuit and the *AACS* lawsuit are not "in different courts"—they are already not only in the "same District," *supra*, but also before the same judge.

As for consolidation, neither the *AACS* nor the *Ogle School* plaintiffs oppose consolidation, provided that each set of plaintiffs (those in *AACS* and those in *Ogle School*) is able to file its own

---

[1] Intervention under Rule 24 would require a showing that the existing plaintiff—here, AACS—does not adequately represent the would-be intervenor's interests. *E.g.*, *Second Amend. Found. Inc. v. ATF*, No. 23-10707, 2023 WL 8597495, at *1–2 (5th Cir. Dec. 12, 2023) (citing *Edwards v. City of Houston*, 78 F.3d 983, 1005–06 (5th Cir. 1996)).

separate briefs and each plaintiff group gets separate oral argument time at any hearing.

Should the Court decline to dismiss *Ogle School*, Defendants similarly do not oppose consolidation and do not oppose allowing each plaintiff group in the consolidated case to file separate briefs, provided that both sets of plaintiffs have filed their opening summary judgment briefs before defendants' deadline to respond, and defendants have sufficient time to address both sets of briefs in either a combined response or separate responses, as defendants deem appropriate after seeing both opening briefs. Defendants would also reserve the right to seek a reasonable expansion of page limits, should they elect to file a combined response.

The Court has already set a briefing schedule in *AACS*. *See AACS*, Order of April 1, 2024 [*AACS* ECF 15]. The parties in both *AACS* and *Ogle School* anticipate that they would agree to a similar briefing schedule to govern summary judgment proceedings in a consolidated case, but they may wish to extend the schedule in light of consolidation, and they intend to make other adjustments to accommodate the parties' interests as set forth above. The parties propose that they further confer and propose an amended briefing schedule to govern further proceedings on or before July 12, 2024, if the Court reaches a decision on consolidation by that date.

DATED:  July 1, 2024                                        Respectfully submitted,

s/Cole Ramey
Cole Ramey, TX Bar #16494980
Christin Jones, TX Bar #24070017
KILPATRICK TOWNSEND & STOCKTON LLP
2001 Ross Avenue
Suite 4400
Dallas, TX 75201
(214) 922-7126
cramey@ktslaw.com
cjones@ktslaw.com

Paul D. Clement, VA Bar #37915
   (pro hac vice)
Andrew C. Lawrence, VA Bar #99830
   (pro hac vice)
Kevin Wynosky*, PA Bar #326087
   (pro hac vice)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com
andrew.lawrence@clementmurphy.com
kevin.wynosky@clementmurphy.com

*Supervised by principals of the firm who are
  members of the Virginia bar

*Counsel for Ogle School Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
KATHRYN L. WYER (DC Bar #90023642)
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Counsel for Defendants*

4